UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANALEAH GONSHOROWSKI AND RICHARD BOITEAU, <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA NATURAL RESOURCES AGENCY, et al., <br><br> Defendants. | No. 2:22-cv-1289 DAD DB PS <br><br><br> ORDER |

Plaintiffs Analeah Gonshorowski and Richard Boiteau are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned is defendant California Natural Resources Agency's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 6.) For the reasons stated below, defendant's motion to dismiss is granted and plaintiffs are granted leave to file an amended complaint.

**BACKGROUND**

Plaintiffs, proceeding pro se, commenced this action on July 21, 2022, by filing a complaint and paying the applicable filing fee. (ECF No. 1.) The complaint's allegations are difficult to decipher but concern entry "onto private lands by way of search with no warrant and

////

1

1  no probable cause application[.]"  (ECF No. 3[1].)  On September 20, 2022, defendant California

2  Department of Fish and Wildlife filed a motion to dismiss.[2]  (ECF No. 6.)  Thereafter, plaintiffs

3  filed an opposition and defendant filed a reply.  (ECF Nos. 9 & 10.)  Defendant's motion was

4  taken under submission on October 31, 2022.  (ECF No. 11.)

**STANDARD**

**I.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made.  See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990).  The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).  Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack.  Safe Air for Everyone, 373 F.3d at 1039.

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] The California Natural Resources Agency and Acting Lieutenant Michael Harris have also been named as defendants.  Plaintiffs have not filed proof of service on those defendants and those defendants have not appeared in this action.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

**II.    Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

3

elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

**ANALYSIS**

**I.      Defendant's Motion to Dismiss**

Defendant's motion to dismiss characterizes the complaint as "alleging various indecipherable civil rights violations under federal and state law," failing to "set forth any facts to establish the Court's subject-matter jurisdiction," failing "to identify which Defendants engaged in purported improper and actionable conduct," and as failing "to identify any claim upon which relief can be granted and/or any cognizable demand for relief." (Def.'s MTD (ECF No. 6) at 6-7.) Review of the complaint finds defendant's argument is well taken.

In this regard, the complaint is almost entirely devoid of the basic factual allegations such as when the alleged wrongful conduct occurred, where it occurred, and how a defendant engaged in wrongful conduct. Instead, the complaint consists of vague and conclusory allegations such as that the defendants "[a]s a part of their function and under guise of their protocols . . . entered onto private lands by way of search with no warrant and no probable cause," but "then sought entry by force by way of an application for probable cause[.]" (Compl. (ECF No. 1) at 2.) And that the defendants "jointly and severally illegally searched real property with an eye toward creating legal liability for either of them or both of them[.]" (Id. at 6.) Moreover, the complaint fails to identify any cause of action.

1    Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a
2    complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that
3    state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v.
4    Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels
5    and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor
6    does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual
7    enhancements.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557). A plaintiff
8    must allege with at least some degree of particularity overt acts which the defendants engaged in
9    that support the plaintiff's claims. Jones, 733 F.2d at 649.

10   With respect to the complaint's vague references to a search in the absence of probable
11   cause, the Fourth Amendment protects persons against "unreasonable searches and seizures."[3]
12   U.S. Const. amend. IV. The Supreme Court "has stated 'the general rule that Fourth Amendment
13   seizures are 'reasonable' only if based on probable cause' to believe that the individual has
14   committed a crime." Bailey v. U.S., 133 S. Ct. 1031, 1037 (2013) (quoting Dunaway v. New
15   York, 442 U.S. 200, 213 (1979)). "Probable cause exists when officers have knowledge or
16   reasonably trustworthy information sufficient to lead a person of reasonable caution to believe
17   that an offense has been or is being committed by the person being arrested." United States v.
18   Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007) (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)).

19   "Alternatively, this court has defined probable cause as follows: when 'under the totality
20   of circumstances known to the arresting officers, a prudent person would have concluded that
21   there was a fair probability that [the defendant] had committed a crime.'" Id. (citing United
22   States v. Smith, 790 F.2d 789, 792 (9th Cir. 1986)) (alteration in original); see also Crowe v.
23   County of San Diego, 608 F.3d 406, 432 (9th Cir. 2010) ("In determining whether there was
24   probable cause to arrest, we look to the totality of circumstances known to the arresting officers,

---

[3] In moving to dismiss plaintiffs' complaint, defendants have sought judicial notice of a search warrant authorizing the search of property owned by Analeah Gonshorowski. (Def.'s RJD (ECF No. 6-1) at 5-22.) "A search conducted pursuant to a warrant generally may not be challenged unless the lack of probable cause was so apparent that the officer should have known it was absent." Pacific Marine Center, Inc. v. Silva, No. CV F 09-1409 LJO GSA, 2009 WL 3246810, at *5 (E.D. Cal. Oct. 7, 2009).

to determine if a prudent person would have concluded there was a fair probability that the defendant had committed a crime.").

"'While conclusive evidence of guilt is of course not necessary under this standard to establish probable cause, [m]ere suspicion, common rumor, or even strong reason to suspect are not enough.'" Torres v. City of Los Angeles, 548 F.3d 1197, 1206-07 (9th Cir. 2008) (quoting Lopez, 482 F.3d at 1072). "Probable cause is lacking if the circumstances relied on are susceptible to a variety of credible interpretations not necessarily compatible with nefarious activities." Gasho v. United States, 39 F.3d 1420, 1432 (9th Cir. 1994) (citations omitted). "Although 'police may rely on the totality of facts available to them in establishing probable cause, they also may not disregard facts tending to dissipate probable cause.'" Crowe, 608 F.3d at 433 (quoting United States v. Ortiz-Hernandez, 427 F.3d 567, 574 (9th Cir. 2005)).

Moreover, it is generally presumed a warrantless search is unreasonable, and therefore violates the Fourth Amendment, unless it falls within a specific exception to the warrant requirement. Riley v. California, 134 S. Ct. 2473, 2482 (2014) (citing Kentucky v. King, 563 U.S. 452 (2011)). "Warrantless searches by law enforcement officers 'are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.'" United States v. Cervantes, 703 F.3d 1135, 1138-39 (9th Cir. 2012) (quoting Katz v. United States, 389 U.S. 347, 357 (1967)).

Here, however, the complaint fails to contain any factual allegations in support of a Fourth Amendment claim.

**II.   Leave to Amend**

The undersigned has carefully considered whether plaintiffs could amend the complaint to state a claim upon which relief could be granted.  Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

////

6

1  Here, given the vague and conclusory nature of the complaint the undersigned cannot find that granting plaintiffs leave to amend would be futile. Plaintiffs, therefore, will be granted leave to file an amended complaint. Plaintiffs are cautioned, however, that if plaintiffs elect to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiffs are also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in the amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiffs may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiffs' claims.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' September 20, 2022 motion to dismiss (ECF No. 6) is granted;

2. The complaint filed July 21, 2022 is dismissed with leave to amend;

3. Within twenty-eight days from the date of this order, an amended complaint may be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint"; and

////

////

4. Plaintiffs are cautioned that the failure to timely comply with this order may result in the imposition of an appropriate sanction including the recommendation that this matter be dismissed.[4]

Dated: January 23, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\gonshorowski1289.mtd.ord

---

[4] Alternatively, if plaintiffs no longer wish to pursue this action plaintiffs may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.